IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Indigo Ocean Rose Kraim, | ) | C/A No. 3:18-1335-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER REGARDING** |
| | ) | **AMENDMENT OF COMPLAINT** |
| Columbia Police Department; Columbia | ) | |
| Housing Authority; Richland County Sheriff | ) | |
| Dept.; Richland Springs, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff, Indigo Ocean Rose Kraim, proceeding *pro se*, brings this civil rights action pursuant to 28 U.S.C. § 1915. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Previously, the court summarily dismissed this case without prejudice for lack of subject matter jurisdiction. (ECF Nos. 12 & 15.) Plaintiff appealed, and the United States Court of Appeals for the Fourth Circuit dismissed the appeal for lack of jurisdiction because Plaintiff did not seek to appeal a final order, or an appealable interlocutory or collateral order. (ECF No. 40.) The Fourth Circuit remanded the case with instructions to allow Plaintiff to file an amended complaint. (Id.) Plaintiff has now filed an Amended Complaint. (ECF No. 47.) Having reviewed the Amended Complaint in accordance with applicable law, the court finds this action is subject to summary dismissal if Plaintiff does not amend the Amended Complaint to cure the deficiencies identified herein.

*PJG*

**I.      Factual and Procedural Background**[1]

Plaintiff indicates that the Columbia Police Department failed to "serve and protect," which resulted in "false ejectment, slander, defamation of [Plaintiff's] character, constant harassment, excessive use of force resulting in extreme harassment, false imprisonment, loss of vehicle and wages, [and] severe mental anguish." (Am. Compl., ECF No. 47 at 1-2.) Plaintiff claims that on "several occasions," the Columbia Police "did not respect" Plaintiff's rights. (Id.) Plaintiff also claims that "the tort in this matter also includes . . . aiding and assisting the Columbia Housing Authority," a Second Amendment violation, and "false hearsay." (Id. at 2.) Plaintiff further claims the Columbia Police "stalked and harassed" Plaintiff for over one year, and Plaintiff has "faced homelessness, severe starvation, rape, [and] assault and battery." (Id. at 3.) Plaintiff indicates the Columbia Police were aware of Plaintiff's post-traumatic stress disorder and ignored Plaintiff's "calls for help, resulting in severe abuse, embarrassment." (Id. at 4.) Plaintiff also indicates that she feels like she is being targeted when she sees a police officer, the officers are trying to kill Plaintiff, and that they have been "targeting" Plaintiff for over eighteen years. (Id.)

**II.     Discussion**

    **A.      Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint. The Amended Complaint has been filed pursuant to 28 U.S.C.

---

[1] Much of the Amended Complaint is handwritten but nearly illegible, and thus, the court is not able to decipher the entire pleading. Illegible words or allegations need not be considered by the court. See generally Turner v. Polo Towers Master Owners Assoc., Inc., Case No. 2:17-cv-02042-APG-CWH, 2018 WL 1321427, *2 (D. Nev. Mar. 14, 2018) (providing that illegible allegations do not comply with federal pleading standards and thus may be dismissed) (citing Shuster v. Oppelman, 962 F. Supp. 394, 396 (S.D.N.Y. 1997)).

§ 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. This statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

In order to state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B. Analysis**

The Amended Complaint does not directly state a recognizable legal cause of action. However, Plaintiff does use words indicating she may seek to bring a civil rights and tort action against the named defendants. Thus, in accordance with the court's duty to liberally construe *pro*

*se* complaints, the court construes its as asserting a cause of action pursuant to 42 U.S.C. § 1983 for unspecified constitutional violations. A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).[2]

However, Plaintiff fails to provide any facts that would plausibly show the defendants violated Plaintiff's rights. Plaintiff's claims that the Columbia police stalked and harassed Plaintiff or failed to protect and serve Plaintiff, without more, fails to show that the named defendant caused Plaintiff's constitutional rights to be violated, or caused Plaintiff injury. See Fed. R. Civ. P. 8 (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); Iqbal, 556 U.S. at 678 (stating Federal Rule of Civil Procedure 8 does not require detailed factual allegations, but it requires more than a plain accusation that the defendant unlawfully harmed the plaintiff, devoid of factual support). Even after reading Plaintiff's original complaint and the Amended Complaint, the court cannot discern the basic facts that comprise Plaintiff's claims here. Plaintiff fails to provide any facts about what the defendants did, how that affected Plaintiff's rights, and what happened to Plaintiff as a result.

---

[2] Plaintiff also references several common law torts—slander, defamation, false imprisonment—which could also be theories under which she seeks relief in this action. However, generally, in the absence of supplemental jurisdiction or diversity of citizenship, such claims cannot lie in federal court.



Consequently, Plaintiff's Complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(ii)(B)(2) for failure to state a claim upon which relief can be granted. Plaintiff is hereby granted **twenty-one (21) days** from the date this order is entered (plus three days for mail time) to file a **second amended complaint** pursuant to Federal Rule of Civil Procedure 15(a) that corrects the deficiencies identified above.[3] In a contemporaneously issued order, the court has provided Plaintiff with instructions to bring this case into proper form for initial review and the issuance and service of process. In that order are instructions to fill out the standard *pro se* prisoner complaint form attached to the order. Plaintiff should use the complaint form attached to that order to correct the deficiencies identified here. If Plaintiff fails to file a second amended complaint that corrects those deficiencies, this action will be recommended for summary dismissal pursuant to 28 U.S.C. § 1915 **with prejudice**.[4]

---

[3] Any amended complaint filed by Plaintiff is also subject to further initial review by the court pursuant to 28 U.S.C. § 1915. Further, Plaintiff is reminded that an amended complaint replaces the previous complaint and should be complete in itself. See Young v. City of Mount Ranier, 238 F .3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted); see also 6 Charles Alan Wright et al., Federal Practice and Procedure § 1476 (3d ed. 2017) ("A pleading that has been amended under Rule 15(a) supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified. Once an amended pleading is interposed, the original pleading no longer performs any function in the case . . .").

[4] See Workman v. Morrison Healthcare, 724 F. App'x 280, 281 (4th Cir. 2018) (in a case where the district court had already afforded the plaintiff an opportunity to amend, directing the district court on remand to "in its discretion, either afford [the plaintiff] another opportunity to file an amended complaint or dismiss the complaint **with prejudice**, thereby rendering the dismissal order a final, appealable order") (citing Goode v. Cent. Va. Legal Aid Soc'y, Inc., 807 F.3d 619, 630 (4th Cir. 2015)).

*PJG*

**IT IS SO ORDERED**.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

May 7, 2019
Columbia, South Carolina

*Plaintiff's attention is directed to the important WARNING on the following page.*

# IMPORTANT INFORMATION . . . PLEASE READ CAREFULLY

# WARNING TO PRO SE PARTY OR NONPARTY FILERS

ALL DOCUMENTS THAT YOU FILE WITH THE COURT WILL BE AVAILABLE TO THE PUBLIC ON THE INTERNET THROUGH PACER (PUBLIC ACCESS TO COURT ELECTRONIC RECORDS) AND THE COURT'S ELECTRONIC CASE FILING SYSTEM. **CERTAIN *PERSONAL IDENTIFYING INFORMATION* SHOULD NOT BE INCLUDED IN, OR SHOULD BE REMOVED FROM, ALL DOCUMENTS *BEFORE* YOU SUBMIT THE DOCUMENTS TO THE COURT FOR FILING.**

Rule 5.2 of the Federal Rules of Civil Procedure provides for privacy protection of electronic or paper filings made with the court. Rule 5.2 applies to ***ALL*** documents submitted for filing, including pleadings, exhibits to pleadings, discovery responses, and any other document submitted by any party or nonparty for filing. Unless otherwise ordered by the court, a party or nonparty filer should not put certain types of an individual's personal identifying information in documents submitted for filing to any United States District Court. If it is necessary to file a document that already contains personal identifying information, the personal identifying information should be "**blacked out**" or **redacted** prior to submitting the document to the Clerk of Court for filing. A person filing any document containing their own personal identifying information **waives** the protection of Rule 5.2(a) by filing the information without redaction and not under seal.

1. Personal information protected by Rule 5.2(a):

**(a) Social Security and Taxpayer identification numbers.** If an individual's social security number or a taxpayer identification number must be included in a document, the filer may include only the last four digits of that number.
**(b) Names of Minor Children.** If the involvement of a minor child must be mentioned, the filer may include only the initials of that child.
**(c) Dates of Birth.** If an individual's date of birth must be included in a document, the filer may include only the year of birth.
**(d) Financial Account Numbers.** If financial account numbers are relevant, the filer may include only the last four digits of these numbers.

2. Protection of other sensitive personal information – such as driver's license numbers and alien registration numbers – may be sought under Rule 5.2(d) (filings made under seal) and (e) (protective orders).